ORIGINAL

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION



SECURITIES AND EXCHANGE COMMISSION,

Plaintiff,

v.                                                                    Cause No. H-04-3359

ROYAL DUTCH PETROLEUM COMPANY, and
THE "SHELL" TRANSPORT
and TRADING COMPANY, P.L.C.

UNITED STATES COURTS
SOUTHERN DISTRICT OF TEXAS
ENTERED

SEP 1 6 2004

Defendants.

Michael N. Milby, Clerk of Court

## AGREED JUDGMENT AS TO THE "SHELL" TRANSPORT AND TRADING COMPANY, P.L.C.

Plaintiff Securities and Exchange Commission filed its Complaint against Defendant The "Shell" Transport and Trading Company ("Shell" or "Defendant"), seeking a civil penalty for its violations of Sections 10(b), 13(a), 13(b)(2)(A) and 13(b)(2)(B) of the Securities Exchange Act of 1934 ("Exchange Act) [15 U.S.C. §§ 78j(b), 78m(a), 78m(b)(2)(A) and 78(b)(2)(B)] and Rules 10b-5, 12b-20, 13a-1 and 13b2-1 thereunder [17 C.F.R. §§ 240.10b-5, 240.12b-20, 240.13a-1 and 240.13b2-1].

Shell entered a general appearance through its Consent, attached to this Agreed Judgment, admitting the Court's jurisdiction over the subject and parties. Without admitting or denying the Commission's non-jurisdictional allegations, Shell has consented to the entry of this Agreed Judgment.

The Court accepts Shell's Consent and has jurisdiction over the parties and subject matter of this case. Therefore, the Court **ORDERS**:

1.      Defendant Shell shall pay disgorgement of $1 and, jointly and severally with Defendant Royal Dutch Petroleum Company, pay a civil penalty of $120,000,000, pursuant to Section 21(d)(3) of the Exchange Act [15 U.S.C. § 78u(d)(3)].  Defendant shall pay these amounts within ten business days to the Clerk of this Court, together with a cover letter identifying Shell as a defendant in this action; setting forth the title and civil action number of this action and the name of this Court; and specifying that payment is made under this Final Judgment.  Defendant shall simultaneously give the Commission's counsel copies of these materials.  By making this payment, Defendant relinquishes all legal and equitable right, title, and interest in such funds, and no part of the funds shall be returned to Defendant.

2.      The Clerk shall deposit the funds into an interest bearing account with the Court Registry Investment System ("CRIS").  These funds, together with any interest and income earned (collectively, the "Fund"), shall be held by the CRIS until further order of the Court.  In accordance with the guidelines set by the Director of the Administrative Office of the United States Courts, the Clerk is directed, without further order of this Court, to deduct from the income earned on the money in the Fund a fee not to exceed ten percent (10%) of the income earned on the Fund.  Such fee shall not exceed that authorized by the Judicial Conference of the United States.

3.      The Fund shall be distributed at a later date pursuant to the Fair Fund provisions of Section 308(a) of the Sarbanes-Oxley Act of 2002 and in accordance with further order of the Court.  Regardless of whether any such Fair Fund distribution is made, amounts ordered to be paid as civil penalties under this Judgment shall be treated as penalties paid to the government for all purposes, including all tax purposes.  To preserve the deterrent effect of the civil penalty, Shell shall not, in any Related Investor Action (as defined below), benefit from any offset or

*SEC v. Royal Dutch Petroleum Co., et al.*
**AGREED JUDGMENT AS TO THE "SHELL" TRADING AND TRANSPORT COMPANY, P.L.C.**

reduction of any investor's claim by the amount of any Fair Fund distribution to such investor in this action that is proportionately attributable to the civil penalty paid by Shell ("Penalty Offset"). If the court in any Related Investor Action grants such an offset or reduction, Shell shall, within 30 days after entry of a final order granting the offset or reduction, notify the Commission's counsel in this action and pay the amount of the Penalty Offset to the United States Treasury or to a Fair Fund, as the Commission directs. Such a payment shall not be deemed an additional civil penalty and shall not be deemed to change the amount of the civil penalty imposed in this Final Judgment. For purposes of this paragraph, a "Related Investor Action" means a private damages action brought against Shell by or on behalf of one or more investors based on substantially the same facts as alleged in the Complaint.

4.      The attached Consent is incorporated by reference in this Final Judgment.

5.      This Court shall retain jurisdiction of this matter to enforce the terms of this Final Judgment.

6.      There being no just reason for delay, the Clerk is ordered to enter this Agreed Judgment immediately and without further notice.

Dated: _September 13, 2004_



UNITED STATES DISTRICT JUDGE

*SEC v. Royal Dutch Petroleum Co., et al.*
**AGREED JUDGMENT AS TO THE "SHELL" TRADING AND TRANSPORT COMPANY, P.L.C.**